**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4145**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DECOVAN SEABROOK,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   David C. Norton, District Judge.
(2:05-cr-01322)

Submitted:  January 31, 2008      Decided:  February 12, 2008

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

D. Craig Brown, Florence, South Carolina, for Appellant.  Reginald
I. Lloyd, United States Attorney, Columbia, South Carolina, Alston
Calhoun Badger, Jr, Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Decovan Seabrook was convicted by a jury of knowingly using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(iii) (2000). He was sentenced to 360 months' imprisonment. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but raising for the court's consideration (1) whether the district court erred in denying Seabrook's motion to suppress; and (2) whether the district court erred in granting the Government's motion for an upward departure pursuant to U.S. Sentencing Guidelines Manual §§ 5K2.2, 5K2.21, p.s. (2005). Seabrook has filed a pro se supplemental brief asserting that the court erred in allowing the prosecutor to make improper statements during the course of the trial. The Government did not file a reply brief. After reviewing the record, we affirm.

This court reviews the factual findings underlying the denial of a motion to suppress for clear error and the legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir. 2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Seabrook first contests the voluntariness of his statements made to law enforcement officers on the ground that they

were taken by investigators in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). A statement is voluntary if it is "the product of an essentially free and unconstrained choice by its maker." <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 225 (1973). An analysis of the voluntariness of a statement is derived from the totality of the circumstances. <u>Id.</u> at 226. The relevant determination regarding voluntariness is whether government agents have overborne the defendant's will or left his "capacity for self-determination critically impaired." <u>Id.</u> at 225. After reviewing the record, we conclude that the district court did not err in denying Seabrook's motion to suppress.

Seabrook also argues on appeal that the district court erred in granting the Government's motion for upward departure under USSG §§ 5K2.2, 5K2.21, p.s. Following <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. The district court must calculate the appropriate advisory Guidelines range by making any necessary factual findings. <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). The district court should then afford the parties "an opportunity to argue for whatever sentence they deem appropriate." <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007). Then, the sentencing court should consider the resulting advisory Guideline range in conjunction with the factors set out in 18 U.S.C.A. § 3553(a) (West

2000 and Supp. 2007), and determine whether the § 3553(a) factors support the sentence requested by either party. Id. Considering the factors in § 3553(a) does not require the sentencing court to "robotically tick through" every subsection of § 3553(a). United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007). The sentencing court may not presume that the Guidelines range is reasonable, and if it decides to impose a sentence outside the Guidelines range it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Gall, 128 S. Ct. at 596-97.

The appellate court reviews a sentence for reasonableness, focusing on whether the district court abused its discretion, regardless of whether the sentence imposed is inside or outside the Guidelines range. Gall, 128 S. Ct. at 597; United States v. Pauley, ___ F.3d ___, 2007 WL 4555520 (4th Cir. Dec. 28, 2007). This involves two steps: first, examining the sentence for significant procedural errors, and second, evaluating the substance of the sentence. Pauley, 2007 WL 4555520 at *5. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. (internal quotations omitted). While the appellate court may presume a sentence within the Guidelines range to be reasonable, it may not presume a sentence outside the range

to be unreasonable.  Id.  When reviewing a departure, the appeals court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

Here, Seabrook's Guideline sentence was the minimum term of imprisonment required by statute, i.e, ten years.  See USSG § 2K2.4(b).  Seabrook was ultimately sentenced to three times the Guidelines sentence based on the Government's motion for upward departure.  In light of the facts of this case and the district court's meaningful articulation of its consideration of the § 3553(a) factors and the bases for departure, we find the district court's decision to depart, and the extent of the departure, reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We further find no merit to the claims raised in Seabrook's pro se supplemental brief.  We therefore affirm Seabrook's conviction and sentence.  This court requires that counsel inform Seabrook, in writing, of the right to petition the Supreme Court of the United States for further review.  If Seabrook requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Seabrook.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED